## EBENEZER R. ESTABROOK vs. WILLIS SMITH.

An indorsement by one partner in his individual name to his copartner, of a promissory note payable to both of them or order, will not enable the indorsee to sue thereon in his own name.

ACTION OF CONTRACT upon a promissory note, made by the defendant, payable to " Estabrook & Richmond or order," and indorsed by Richmond in his own name, for the purpose of transferring his interest therein to his copartner, Estabrook, the plaintiff. The parties submitted to the decision of the court the question, whether this indorsement was sufficient to enable the plaintiff to maintain an action thereon in his own name.

*D. Foster*, for the plaintiff. One of two partners, or other joint payees of a promissory note, may indorse the same in his own name to the other, and thereby enable the latter to maintain an action thereon. There is no difference, in this respect, between partners and other joint payees; for a note payable to two jointly makes them partners as to this transaction. *Russell* v. *Swan*, 16 Mass. 314. *Goddard* v. *Lyman*, 14 Pick. 268. To require the plaintiff's own name to be indorsed on the note would, in effect, compel him to indorse it to himself.

*E. Washburn*, for the defendant.

DEWEY, J. We take the rule to be uncontroverted, that a promissory note payable " to A. B. or order " cannot be trans· ferred, so as to give a right of action in the name of a holder, not the original party, without an indorsement by the payee. The application of this principle seems to be decisive against the right of the plaintiff alone to maintain this action. The action is brought by Estabrook upon a note made to a copartnership, Estabrook & Richmond, promising them, by the name of their copartnership, to pay them or order a certain sum of money. That this action cannot be maintained by the plaintiff, as payee of the note, is obvious; as that would at once present a case where there was an omission to join all the payees as plaintiffs, which would be fatal to the action. The

only question therefore, is, whether this note is legally indorsed, so as to enable the plaintiff to maintain the action as indorsee ?

The payees of the note are Estabrook & Richmond, who compose a partnership. An indorsement of the note by the payees would therefore be an indorsement by Estabrook & Richmond, and this would correspond with the form of the note, and transfer the same to their indorsee. One partner might properly transfer the note by indorsement, but he must do it by indorsing the partnership name. Any thing less than this seems to be an irregularity, and a departure from the legitimate mode of transfer of a negotiable note or bill, payable to the order of a copartnership.

It is not contended that the indorsement by Richmond alone would have been sufficient to authorize an action in the name of a third person as indorsee ; but it is urged that such indorsemen' is sufficient to authorize an action by the other partner, Estabrook, as indorsee. The position taken is, that Richmond, by his indorsement, has parted with all his interest, and so vested the entire note in Estabrook. This may be all true as between Richmond and Estabrook, and might be quite sufficient to settle, as between them, to whose use this money was to be held when collected. But the question still recurs, as to the effect of such an indorsement as against the maker of the note, and whether it creates the legal relation of indorsee. As already remarked, the present action, if maintainable at all, is maintainable by Estabrook as indorsee of the note. To constitute a legal indorsement, the payees, Estabrook & Richmond, must be the indorsers. But no such indorsement has ever been made. No one has professed to indorse the note in the partnership name. The only indorsement is that of Richmond individually ; and although it might be quite competent for the payees, Estabrook & Richmond, in their partnership name, to have indorsed it to Estabrook, yet they have not done so.

We have found no authority for maintaining an action by an indorsee under such circumstances. The case of *Goddard* v. *Lyman*, 14 Pick. 268, which seems to be the most favorable case cited to sustain the position taken by the plaintiff, was widely

different from the present case. In that case, although the original indorsement was by two only of three payees, and made to the other payee and a third person, yet it was subsequently indorsed by the third payee, and came to the hands of the plaintiff, who instituted the suit with the indorsement of all the payees. That case, upon its facts, does not therefore furnish any precedent for this case; although some of the remarks, as found in the opinion of the court, might seem to indicate a broader doctrine than the case required.

The plaintiff then had leave to amend, on terms, by joining the other partner, and had judgment for the amount of the note.